# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 19, 2022

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| TIFFANI CUYLER, | * | No. 20-971V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | Stipulation for Award; Measles Mumps |
| SECRETARY OF HEALTH | * | Rubella ("MMR") Vaccine; Tetanus |
| AND HUMAN SERVICES, | * | Diphtheria Acellular Pertussis ("Tdap") |
| | * | Vaccine; Guillain-Barré Syndrome ("GBS") |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>John Robert Howie, Jr.</u>, Howie Law, P.C., Dallas, TX, for Petitioner.
<u>Catherine Stolar</u>, United States Department of Justice, Washington, DC, for Respondent.

**STIPULATION DECISION**[1]

On August 4, 2020, Tiffani Cuyler ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012); Pet. at 1, ECF No. 1. Petitioner alleged that the measles mumps rubella ("MMR") vaccine she received on August 4, 2017, caused her to develop Guillain-Barré syndrome ("GBS"). *Id.*; *see also* Stip. at 1, ECF No. 42. Petitioner also received a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on June 30, 2017, prior to the onset of her alleged injuries. Stip. at 1. Petitioner further alleged that she experienced the residual effects of her injury for more than six months. *Id.* at 1–2.

On December 14, 2022, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. *Id.* at 2. Respondent "denies that the MMR vaccine and/or the Tdap vaccine caused [P]etitioner to develop GBS or any other injury or her current condition." *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *Id.* I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $70,000.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)[.]**

*Id.*

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIFFANI CUYLER,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 20-971V<br>Special Master Sanders<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Tiffani Cuyler, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a measles, mumps, and rubella ("MMR") vaccine. Petitioner also received a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine prior to the onset of her alleged injuries.[1] Both the MMR vaccine and the Tdap vaccine are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the Tdap vaccine on June 30, 2017, and the MMR vaccine on August 4, 2017.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the MMR vaccine, and suffered the residual effects of her alleged injury for more

---

[1] *See* ECF No. 23-2 at 1.

than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the MMR vaccine and/or the Tdap vaccine caused petitioner to develop GBS or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $70,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination and MMR vaccination administered on June 30, 2017, and August 4, 2017, respectively, as alleged by petitioner in a petition for

vaccine compensation filed on or about August 4, 2020, in the United States Court of Federal Claims as petition No. 20-971V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine and/or MMR vaccine caused petitioner to develop GBS, or any other injury or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Tiffani Cuyler*
TIFFANI CUYLER

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ John R. Howie, Jr.*
JOHN R. HOWIE, JR.
Howie Law, P.C.
2608 Hibernia Street
Dallas, Texas 75204
Tel.: (214) 622-6340
Fax: (214) 622-6341
jhowie@howielaw.net

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 146
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.12.05 09:38:29 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 12/14/2022

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 353-3299
Fax: (202) 616-4310
Email: catherine.stolar@usdoj.gov